## FERN v. HARDWARE MUTUAL CASUALTY CO.
No. 128050.

Small Claims Court, Dade County.
January 8, 1965.

Fuller & Brumer, Ronald L. Davis, of counsel, all of Miami, for plaintiff.

184

Dean, Adams & Fischer, Anthony Reinert, of counsel, for defendant.

SIDNEY L. SEGALL, Judge.

Judgment is rendered in favor of the plaintiff in the sum of $230 for medical expenses incurred as a result of injuries sustained within the coverage of the insurance policy in question, plus $75 awarded as a reasonable attorney's fee under the provisions of the applicable statute (F.S. Sec. 627.0127), plus court costs in the sum of $13.55.

The pertinent provision of the policy of insurance involved in the action states —

> "*As soon as practicable, the person making claim shall give to the company written proof of claim* for Medical Expense or Uninsured Motorists Coverage, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable. The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.

> "Under the Uninsured Motorists Coverage, the insured and every other person making claim shall submit to examination under oath by any person named by the company and subscribe the same, as often as may reasonably be required. *Proof of Claim shall be made upon forms furnished by the company* unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim." (Italics added.)

The court has examined the memoranda of law submitted by counsel for plaintiff and defendant, respectively, and the Florida appellate court decisions cited therein.

The authorities relied upon by defendant are not applicable and do not govern the issue of liability herein. The cases cited are not applicable and do not govern the issue of liability herein. The cases cited are not factually analogous.

The evidence in the instant case discloses the following material facts —

The insured notified his insurer, defendant herein, that he was injured in an auto accident (8-20-63). Such notification was set forth in writing upon a form provided by defendant insurer's agent entitled "Accident or Loss Report", dated 8-31-63, signed by plaintiff insured, and mailed September 3, 1963. Said form and notice contained space for information regarding "Persons injured" and "Extent of injuries". Therein plaintiff insured listed himself as an "injured person" and described the extent of his injuries, namely — "Leg, Back & Neck". Thereafter, there were no other "forms furnished by the company" as provided in the policy, supra.

Subsequently, plaintiff's attorney by letter dated May 19, 1964 requested the necessary forms from the defendant insurance company for processing his claim. No forms were furnished by the defendant. By letter dated June 23, 1964 and mailed to plaintiff's attorney, defendant advised that plaintiff's claim was rejected for plaintiff's "failure to present a claim . . . until nine months following the accident" and that such delay was "a violation of his (plaintiff's) policy contract as a matter of law." By said letter the defendant also advised "our insured's violation of the policy conditions has prejudiced our rights to determine the extent of injuries and necessity of treatment."

It is the opinion of the court that the "Accident or Loss Report" furnished by plaintiff was sufficient in form and content to advise the defendant insurer of a "probable claim" for medical expenses. The defendant insurer's inaction after the receipt of said notice coupled with its failure to furnish the necessary forms upon receipt of said notice relieves the plaintiff from the detailed requirements of the notice of claim for medical expenses and the defendant insurer is precluded from demanding that the strict requirements of the policy be followed.

The court finds from the facts established by the evidence herein that defendant is now estopped to assert, as a defense, plaintiff's failure to follow the technical requirements of the insurance policy involved.

On the basis of the foregoing, plaintiff is entitled to recover medical expenses in the amount above stated.